# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| WYTOSSIE SCOTT HARDIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 07-0433-SSA-CV-W-WAK |
| ) | |
| MICHAEL J. ASTRUE, Commissioner, ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Claimant Wytossie Hardin seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3), of a final administrative decision denying Supplemental Security Income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq.* She asserts the decision of the Administrative Law Judge that she has the residual functional capacity to perform work in the economy is not supported by the record. The parties' briefs are fully submitted.

### Standard of Review

The reviewing court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000). The court may not, however, "rubber stamp" the Commissioner's decision, but must examine both the evidence that supports and detracts from the administrative determination. Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Cline v. Sullivan, 939 F.2d 560, 564 (8th Cir. 1991).

Substantial evidence is "relevant evidence that a reasonable mind would accept as adequate to support the Commissioner's conclusion." Young v. Apfel, 221 F.3d at 1068. It is more than a scintilla of evidence, McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983), but is less than a preponderance of the evidence. Gowell v. Apfel, 242 F.3d 793, 796 (8th Cir.

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

2001).  The possibility of drawing inconsistent conclusions from the evidence does not prevent the Commissioner's finding from being supported by substantial evidence.  Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1).  See Roth v. Shalala, 45 F.3d at 282.  To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment."  McMillian, 697 F.2d at 220.

If the claimant establishes the impairment is sufficiently severe to prevent return to a former occupation, the burden shifts to the Commissioner to produce evidence the claimant can perform other substantial gainful employment.  Buck v. Bowen, 885 F.2d 451, 454 (8th Cir. 1989).  The Commissioner need not find a specific job opening for the claimant, but must demonstrate that substantial gainful activity is realistically within the capabilities of the claimant.  McMillian, 697 F.2d at 221.

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments.  McMillian, 697 F.2d at 221.

## Discussion

Claimant Wytossie Hardin was born in 1964.  She was enrolled in special education classes and completed the eleventh grade.  She has five children, who are now adults or who are

not in her custody[2]. She has lived alone[3] and cares for herself. She has previously worked as a production worker, janitor, housekeeper and security guard. Her longest job was as a candy maker and packager. Her earnings statement shows approximately $6,000 as her highest earned income, and that was for the year 1993.

She claims she is disabled because of a ruptured disc in her lower back, depression and her HIV-positive status. She reports fatigue, back pain, trouble sleeping, depression, no appetite and memory problems. She has a history of cocaine and crack abuse, but had completed treatment and was in remission at the time of the administrative hearing in September 2006. Clinical notes state she participated in drug treatment six times prior to September 2003.

After considering the evidence available to him, the Administrative Law Judge (ALJ) found claimant had the following severe impairments: human immunodeficiency virus infection, mild asthma, intermittent depression and osteoarthritis in the knee. He found she had degenerative joint disease of the shoulder[4] and soft tissue injury in her back, but they were nonsevere because they were of a relatively short duration. He did not find her allegations of headaches and hand tremors to be medically determinable from the medical records.

The ALJ determined Hardin's subjective complaints and limitations were not as limiting as alleged, and that she had the residual functional capacity to perform a range of light exertion work. Hardin could not return to her past relevant work, but could perform work such as a small parts assembler, wire wrapper, hand mounter or optical goods assembler.

In her request for review, Hardin asserts the ALJ erred in several respects with regard to her intellectual functioning and its effect on her ability to work. Hardin states the ALJ should

---

[2]The records indicate her children were taken from her by the Division of Family Services.

[3]During a portion of the relevant period, she appears to have been unmarried and to have lived alone. The transcript of the hearing makes reference to her husband, but does not reveal whether she was living with her husband or for how long they had been married. The administrative record does not indicate if he did any of the household chores, shopping, or otherwise assisted Hardin in her daily activities.

[4]Plaintiff was involved in a bus accident in 2005 and injured her shoulder. She also had a back injury following an automobile accident in 1995.

have obtained a consultative evaluation, fully developed the record on this issue, and then evaluated all of her impairments in combination. She claims the ALJ's decision is not supported by substantial evidence because the hypothetical to the vocational expert did not accurately reflect her mental impairments or the likelihood that she would regularly miss work because of her impairments.

The defendant responded that claimant did not allege problems with intellectual functioning as a basis for her claim of disability and there was no evidence that Hardin's mental capacity significantly limited any of the basic work activities.

The record clearly shows that Hardin had limited success in school and that she participated in special education classes. Those records do not show, however, that her limited success was because of mental retardation or borderline intellectual functioning. The ALJ did not err in giving little or no weight to those school records.

Claimant worked after leaving high school and the record does not indicate her mental functioning deteriorated after that time. She says she quit working because of physical, not mental problems. She lived alone, took care of herself, purchased groceries, could make change, attended church, and could manage her own finances. She had periods of depression, some of which were triggered by situational stress such as learning she was HIV positive[5] and having her children removed from her custody.

An evaluation in December 2003 by J. Edd Bucklew suggested that her depressive symptoms decreased after she obtained substance abuse and psychiatric treatment, and there was no evidence that her mental condition was currently severe. In the summer of 2004, Hardin was evaluated by Michael Scwartz, Ph.D., and Susan Nissen, M.D. Their evaluations indicate plaintiff had some mental limitations, but did not opine that her limitations were so severe as to prohibit all work activity.

"There is no bright line test for determining when the [Commisioner] has . . . failed to develop the record. The determination in each case must be made on a case by case basis." Battles v. Shalala, 36 F.3d 43, 45 (8th Cir. 1994).

---

[5]The records indicate that while taking medication, plaintiff was asymptomatic, other than fatigue, with respect to her HIV infection.

4

Here, the ALJ had a difficult task to perform as he evaluated the evidence. Hardin clearly has mental and physical limitations, but her conditions do not appear to have worsened between the time she was working, her alleged onset date of disability, and the time of the hearing. She had a relatively poor work history which may indicate a lack of motivation to work, a history of substance abuse, and no indication that she was unable to care for herself or that she was limited in her daily activities because of those limitations. She had a series of situations that contributed to her depression episodes, but the symptoms associated with those episodes appear to have responded to treatment and counseling. Hardin did not submit statements from her mental and medical health providers giving an opinion that she was limited in her abilities or activities so that she was unable to work. Her limitations may make it more difficult for her to find work, but the ALJ did not find they would prevent her from engaging in work activity. Evaluation of the evidence and credibility decisions are functions for the ALJ.

"Where adequately explained and supported, credibility findings are for the ALJ to make." Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000). Subjective complaints of physical and/or mental health problems may be discounted when they are inconsistent with medical reports, daily activities or other such evidence. Dixon v. Barnhart, 353 F.3d 602, 605 (8th Cir. 2003). Nevertheless, the ALJ's decision to discredit such complaints must be supported by substantial evidence based upon the record as a whole. Dixon v. Barnhart, 353 F.3d at 605; Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005) (deference to ALJ's credibility determination appropriate if decision supported by good reasons and substantial evidence). There was substantial evidence in the record to support the ALJ's decision.

This court must sustain the agency's decision if it is supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Piercy v. Bowen, 835 F.2d 190 (8th Cir. 1987). "Where there are inconsistencies in the evidence as a whole, the [Commissioner] may discount subjective complaints." Stephens v. Shalala, 46 F.3d 37, 39 (8th Cir. 1995).

In her brief, plaintiff also challenges the hypothetical posed to the vocational expert. A hypothetical is proper if it includes all of the impairments which the ALJ concludes are credible. See Montgomery v. Chater, 69 F.3d 273, 275 (8th Cir. 1995). The ALJ did not make a reversible error in forming his hypothetical question.

5

Even if this court would have reached a different conclusion based upon the evidence, it may not reverse the administrative decision if there is substantial evidence on the record as a whole to support the decision. See Cox v. Astrue, 495 F.3d 614, 617 (8th Cir. 2007) (court's job is not to reweigh the evidence or conduct a de novo review). Thus, after careful consideration of the record, the court does not find the ALJ erred. There is substantial evidence on the record as a whole to support the ALJ's decision.

Accordingly, it is

ORDERED that the decision of the Commissioner is affirmed and this case is dismissed.

Dated this 20th day of February, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge